1 | **LEWIS BRISBOIS BISGAARD & SMITH LLP**
JON P. KARDASSAKIS, SB# 90602
2 |   E-Mail: Jon.Kardassakis@lewisbrisbois.com
633 W. 5th Street, Suite 4000
3 | Los Angeles, CA 90071
Telephone: (213) 680-5040
4 | Facsimile: (213) 250-7900

5 | **LEWIS BRISBOIS BISGAARD & SMITH LLP**
WHITNEY J. BETTS, SB# 272584
6 |   E-Mail: Whitney.Betts@lewisbrisbois.com
550 West C Street, Suite 1700
7 | San Diego, California 92101
Telephone: (619) 233-1006
8 | Facsimile: (619) 233-8627

9 | Attorneys for Defendants RADY
CHILDREN'S HOSPITAL - SAN DIEGO
10 | and RADY CHILDREN'S HOSPITAL
FOUNDATION-SAN DIEGO

11 |

12 | UNITED STATES DISTRICT COURT

13 | SOUTHERN DISTRICT OF CALIFORNIA

14 |

15 | JOHN DOE, a minor, by and through
Guardian ad Litem, LATASHA POPE,
16 | individually and on behalf of all others
similarly situated,

Case No. 3:21-cv-0114-WQH-AHG

Judge:   William Q. Hayes

17 |           Plaintiff,

**DEFENDANTS MOTION TO
DISMISS PLAINTIFF'S FIRST
AMENDED CLASS ACTION
COMPLAINT FOR FAILURE TO
STATE A CLAIM PURSUANT TO
RULE 12(B)(6)**

18 |      vs.

19 | RADY CHILDREN'S HOSPITAL -
SAN DIEGO, a California Corporation,

20 |

21 |           Defendant.

Hearing Date:     June 7, 2021
Courtroom:        14B

22 |

**NO ORAL ARGUMENT UNLESS
REQUESTED BY THE COURT**

23 |

24 | **NOTICE OF MOTION TO DISMISS**

25 |        **Please Take Notice** that on June 7, 2021, or as soon thereafter as the matter

26 | may be heard in Courtroom 14B of the above-entitled court, located at 221 West

27 | Broadway, San Diego, California 92101, Defendants RADY CHILDREN'S

28 | HOSPITAL - SAN DIEGO ("Rady Hospital") and RADY CHILDREN'S

**LEWIS
BRISBOIS
BISGAARD
& SMITH LLP**
ATTORNEYS AT LAW

1   HOSPITAL FOUNDATION-SAN DIEGO ("Rady Foundation") (collectively

2   "Rady Defendants") will, and hereby does, move the Court under Federal Rule of

3   Civil; Procedure 12(b)(6) for an Order dismissing the First Amended Class Action

4   Complaint ("Complaint") of Plaintiff JOHN DOE, a minor, by and through

5   Guardian ad Litem, LATASHA POPE ("Plaintiff"). The 12(b)(6) motion is made on

6   the grounds that Plaintiff has failed to state a claim under any of the causes of action

7   alleged in the Complaint against Defendants Rady Hospital and Rady Foundation.

8       In support of this Motion, the Rady Defendants submit and relies upon the

9   following Memorandum of Points and Authorities, all other facts the Court may or

10  should take notice of, all files, records, and proceedings in this case, and any oral

11  argument the Court may entertain.

12

13  DATE:  April 29, 2021            LEWIS BRISBOIS BISGAARD & SMITH LLP

14

15

16  By: _____

17  Jon P. Kardassakis
    Whitney J. Betts

18  Attorneys for Defendants RADY CHILDREN'S
    HOSPITAL – SAN DIEGO and RADY

19  CHILDREN'S HOSPITAL FOUNDATION –
    SAN DIEGO

20

21

22

23

24

25

26

27

28



4840-1945-5459.2                                    2                    Case No. 3:21-cv-0114-WQH-AHG

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT
FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(B)(6)

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ..................................................................... 1

II.   FACTS ALLEGED IN THE FIRST AMENDED COMPLAINT ................... 2

III.  RULE 12(B)(6) STANDARD FOR STATING A CLAIM ........................... 3

IV.   PLAINTIFF FAILS TO ALLEGE FACTS TO DEMONSTRATE
      VIOLATION OF CMIA ........................................................... 4

    A.  Plaintiff Fails to Allege Defendants Disclosed "Medical
          Information" As Defined In Civil Code § 56.05(j) ........................... 5

    B.  Rady Foundation Can Not Have Violated Civil Code § 56.10(a)
          Because It Is Not A Provider of Health Care, Health Care
          Service Plan Or Contractor As Those Terms Are Defined In
          CMIA ........................................................................... 6

    C.  Rady Foundation Can Not Have Violated Civil Code § 56.101(a)
          Because It Is Not A Provider of Health Care, Health Care
          Service Plan, Contractor Or Pharmaceutical Company ..................... 7

    D.  For These Same Reasons Rady Foundation Can Not Have
          Violated Civil Code § 56.36 ................................................. 7

    E.  Rady Hospital Was Authorized By Civil Code § 56.10(c)(14)
          and Federal Law (HIPAA) to Share Fundraising Information
          With Rady Foundation and/or Blackbaud ................................... 7

    F.  Rady Hospital Provided Notice To Its Patients That It May Use
          This Type Of Information About Them for Fundraising ..................... 9

    G.  Civil Code § 56.16 Independently Authorized Release ..................... 9

    H.  The FAC Fails To Allege Facts To Demonstrate the Rady
          Defendants, Negligently Created, Maintained, Preserved, Stored,
          Abandoned, Destroyed, or Disposed Of Medical Information ............ 10

    I.  Violation of CMIA Requires That An Unauthorized Person
          Actually Viewed Medical Information And That Is Not
          Demonstrated Here .......................................................... 10

V.    PLAINTIFF FAILS TO ALLEGE NEGLIGENCE PER SE ..................... 11

VI.   PLAINTIFF FAILS TO ALLEGE A CALIFORNIA CONSUMER
      RECORDS ACT CLAIM .......................................................... 12

    A.  Plaintiff's Fraud Based CRA Claim For Punitive Damages Does
          Not Satisfy Rule 9(b); The Claim For Punitive Damages Must Be
          Stricken ....................................................................... 14

4840-1945-5459.2                              i                    Case No. 3:21-cv-0114-WQH-AHG

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT
FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(B)(6)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

VII.   PLAINTIFF FAILS TO ALLEGE FACTS TO DEMONSTRATE INVASION OF PRIVACY ................................................................... 16

    A.   The Constitutional Claim Fails ................................................. 16

    B.   Plaintiff Does Not Plead Facts Demonstrating A Common Law Claim For Intrusion into Private Affairs or Public Disclosure of Private Facts .............................................................................. 17

    C.   Injunctive Relief Requested is Misguided at the Wrong Actor ........... 18

VIII.  PLAINTIFF FAILS TO ALLEGE FACTS TO DEMONSTRATE BREACH OF CONTRACT BY RADY HOSPITAL ................................. 19

IX.   PLAINTIFF FAILS TO ALLEGE A BREACH OF IMPLIED CONTRACT CLAIM AGAINST RADY HOSPITAL ............................... 21

X.   PLAINTIFF FAILS TO ALLEGE A VIABLE BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING CLAIM ............. 22

XI.   PLAINTIFF FAILS TO ALLEGE A BREACH OF CALIFORNIA'S UNFAIR COMPETITION LAW CLAIM ........................................... 23

    A.   The UCL Claim Fails for Lack of Standing ............................... 23

    B.   Plaintiff's "Unlawful" UCL Claim Fails .................................. 24

    C.   Plaintiff's "Unfair" UCL Claim Fails ..................................... 25

    D.   Plaintiff's "Fraud" Based UCL Claim Does Not Satisfy Rule 9(b) ........................................................................................ 25

XII.   CONCLUSION ....................................................................... 25

4840-1945-5459.2                         ii                 Case No. 3:21-cv-0114-WQH-AHG

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(B)(6)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

# TABLE OF AUTHORITIES

2

<u>PAGE</u>

3

## FEDERAL COURT CASES

4

*Alleruzzo v. SuperValue, Inc.*,
   925 F.3d 955 (8th Cir. 2019) ..........................................................21

5

6

*Ables v. Brooks Bros. Grp., Inc.,*
   2018 U.S. Dist. LEXIS 154681,……………………………………..24

7

*Antman v Uber Techs, Inc.,*
   2018 U.S. Dist. LEXIS 79371(N.D. Cal. May 10, 2018)…………,,,…… 3, 13

8

9

*Armstrong v. Davis*,
   275 F.3d 849 (9th Cir. 2001) ...........................................................19

10

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009) ....................................................................3

11

12

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ..........................................................3, 4, 11, 14

13

*Carson v. Depuy Spine, Inc.,*
   365 F.App'x 812 (9th Cir. 2010)......................................................11

14

*Castillo v. Seagate Tech. LLC,*
   *2016* U.S. Dist. LEXIS 187428, *14 (N.D. Cal. Sept. 14, 2016)……………20

15

16

*Corona v. Sony Pictures Entm't, Inc.,*
   2015 U.S. Dist. LEXIS 85865 (C.D. Cal. June 15, 2015) ......................22, 23

17

*Daniel v. Ford Motor Co.*,
   806 F.3d 1217 (9th Cir. 2015) ..........................................................15

18

19

*Davis v. HSBC Bank*,
   691 F.3d 1152 (9th Cir. 2012) ....................................................24, 25

20

*Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*,
   2016 U.S. Dist. LEXIS 152838 (S.D. Cal., Nov. 3, 2016) ...................... 12, 24

21

22

*Gest v. Bradbury*,
   443 F.3d 1177 (9th Cir. 2006)...........................................................19

23

24

*Fallbrook Hosp. Corp. v. Cal. Nurses Ass'n/Nat'l Nurses Org. Comm.*
   2014 U.S. Dist. LEXIS 84427, *11-12 (S.D. Cal., June 18, 2014)…………..21

25

*In re Actimmune Mktg. Litig.,*
   2009 U.S. Dist. LEXIS 103408 (N.D. Cal., Nov. 6, 2009)..........................25

26

27

*In re Sony II,*
   996 F.Supp.2d 942, at 989 (S.D. Cal. 2014)…………………………...14, 15

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT
FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(B)(6)

*In re Yahoo! Inc. Customer Data Sec. Breach Litig.*,
    2017 U.S. Dist. LEXIS 140212 (N.D. Cal. Aug. 30, 2017)....................13, 24

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009)...........................................................14, 25

*Kaui Scuba Ctr., Inc. v. Padi Americas, Inc.*,
    2011 U.S. Dist. LEXIS 75704, (C.D. Cal. July 13, 2011).........................19

*Lovell v. P.F. Chang's China Bistro, Inc.*,
    2015 U.S. Dist. LEXIS 112101 (W.D. Wash. Mar. 27, 2015) ....................22

*Lyons v. Coxcom, Inc.*,
    718 F. Supp. 2d 1232 (S.D. Cal., June 8, 2009)...........................................19

*Northstar Fin. Advisors Inc. v. Schwab Invs.*,
    779 F.3d 1036 (9th Cir. 2015).......................................................................3

*Razuki v. Caliber Home Loans, Inc.*,
    2018 U.S. Dist. LEXIS 196070 (S.D. Cal. Nov. 15, 2018).........................20

*Rosendahl v. Bridgeport Educ., Inc.*,
    2011 U.S. Dist. LEXIS 119735 (S.D. Cal., Oct. 17, 2011)..................22, 23

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001)........................................................................3

**STATE COURT CASES**

*Cates, Constr., Inc. v. Talbot Partners*,
    21 Cal.4th 28 (1999).................................................................................23

*Catsouras v. Department of Cal. Highway Patrol*,
    181 Cal. App. 4th 856, 874 (2010)………………………………………..18

*Eisenhower Medical Center v. Superior Court*,
    1226 Cal.App.4th 430, 432 (2014) …………………………………….....5

*Garrett v. Young*,
    109 Cal.App.4th 1393 (2003)………………………………………….... 6

*Hill v. Nat'l Collegiate Athletic Ass'n*,
    7 Cal. 4th 1, 26 Cal. Rptr. 2d 834, 865 P.2d 633 (Cal. 1994).................16, 17

*Jones v. Awad*,
    39 Cal.App.5th 1200 (2019)…………………………………………...11, 12

*Kwikset Corp. v. Superior Court*,
    51 Cal.4th 310 (2011)...............................................................................24

*Miller v National Broad. Co.*,
    187 Cal. App. 3d 1463 (1986) …………………………………………..18

*McNair v City and County of San Francisco*,
    (2016) 5 Cal.App.5th 1154 …………………………………………….....8

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4840-1945-5459.2                                      iv                    Case No. 3:21-cv-0114-WQH-AHG

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT
FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(B)(6)

*Shaddox v Betrnai,*
    (2003) 110 Cal.App.4th 1406………………………………………………8

*Quiroz v. Seventh Avenue Center,*
    140 Cal. App. 4th 1256 (2006)………………………………………11, 12

*Regents of Univ. of Cal. v. Superior Court,*
    220 Cal. App. 549 (2013)………………………………………………10, 11

*Sutter Health v. Superior Court,*
    227 Cal. App. 4th 1546 (2014)…………………………………………10

*Yari v. Producers Guild of Am., Inc.,*
    161 Cal. App. 4th 172, 182, (2008)……………………………………21

**STATE STATUTORY AUTHORITIES**

Cal. Bus. & Prof. Code §17200 *et seq*………………………………………...1, 23

Cal. Bus. & Prof. Code §17204……………………………………………………24

Cal. Civ. Code §56 et seq………………………………………………………1, 4, 12

Cal. Civ. Code § 56.05…………………………………………………... 6, 9, 17

Cal. Civ. Code § 56.05(d)……………………………………………………………7

Cal. Civ. Code § 56.05(g) ……………………………………………………… 6

Cal. Civ. Code § 56.05(j) ………………………………………………………4, 5, 16

Cal. Civ. Code § 56.05(l) ……………………………………………………………7

Cal. Civ. Code § 56.05(m) ………………………………………………………..6

Cal. Civ. Code § 56.10(a) ………………………………………………………4, 5, 6, 7

Cal. Civ. Code § 56.10(c)(14) ……………………………………………...… 7, 8

Cal. Civ. Code § 56.10(j)……………………………………………………………9

Cal. Civ. Code § 56.11 ……………………………………………………………..16

Cal. Civ. Code § 56.16 ……………………………………………………5, 9, 17

Cal. Civ. Code § 56.36 …………………………………………………………4, 7

Cal. Civ. Code § 56.36(a)…………………………………………………………4

Cal. Civ. Code § 56.36(b) …………………………………………………………4, 5

Cal. Civ. Code § 56.101(a)………………………………………………4, 5, 7, 10

Cal. Civ. Code § 1798.82……………………………………………………………1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 | Cal. Civ. Code § 1798.82(a)………………………………………………....12
2 | Cal. Civ. Code § 1798.84(b) ...................................................................13
3 | Cal. Civ. Code § 3294(a) ........................................................................15
4 | Cal. Civ. Code § 3294(c)(3) ...................................................................14

5

6

### FEDERAL RULES AND REGULATIONS

7 | Fed. R. Civ. P. 9(b) .........................................................................14, 25

8
9 | 45 C.F.R. § 164.514(f)(1), (2),
       The Health Insurance Portability and Accountability Act of 1996 (HIPPA);
       Pub. L. 104-191, 110 Stat. 1936, enacted August 21, 1996) ……………8, 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT
FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(B)(6)

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This case arises from a ransomware attack and data breach involving the computer systems of a non-party - Blackbaud, Inc. ("Blackbaud").  Plaintiff's original Class Action Complaint (Dkt. 1) attempted to allege claims against Defendant Rady Children's Hospital-San Diego ("Rady Hospital") based on the theory that Rady Hospital could somehow be held liable for the breach of Blackbaud's computer systems. Blackbaud is a third-party that supplies fundraising and donor management software to Rady Hospital. Rady Hospital filed its motion to dismiss that Complaint demonstrating that it could not be held liable on any theory for the alleged breach of Blackbaud's computer systems. See, Dkt. 12. Plaintiff did not oppose that motion but filed a First Amended Class Action Complaint ("FAC"), Dkt. 13. The FAC added as a Defendant Rady Children's Hospital Foundation-San Diego ("Rady Foundation"). The FAC attempts to plead claims for (1) Negligence Per Se; (2) violation of California's Confidentiality of Medical Information Act ("CMIA"), Cal. Civil Code § 56 *et seq*.; (3) violation of California's Consumer Record Act ("CRA"), Cal. Civil Code § 1798.82; (4) Invasion of Privacy and Violation of the California Constitution, Art. 1, § 1; (5) Breach of Implied Contract; (6) Breach of Contract; (7) Breach of Covenant of Good Faith and Fair Dealings; and (8) California's Unfair Competition Law, Cal. Bus. & Prof. Code §17200 *et seq.* The core claim is that Rady Hospital violated CMIA, Cal. Civil Code  56 *et seq*., and breached its contract with Plaintiff by providing patient information to Rady Foundation who then disclosed patient information to Blackbaud.  FAC ¶¶ 11, 34.

As discussed below, the contention that Plaintiff's rights were violated by Rady Hospital providing information to Rady Foundation and/or by Rady Hospital and/or Rady Foundation providing information to Blackbaud for fundraising lacks merit. Federal law and California law both authorize the sharing of the limited

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

information at issue here with Rady Foundation and Blackbaud. All patients were advised of and agreed to this practice by Rady Hospital's Joint Notice of Privacy Practices. See, FAC, Exhibit 3, "Fundraising," page 6 of 17 in Dkt. 13-3. Plaintiff's claims fail for additional reasons discussed below, including his inability to plead facts to demonstrate breach of contract, any tort, or any actual harm.

## II.   FACTS ALLEGED IN THE FIRST AMENDED COMPLAINT

Plaintiff was admitted to Rady Hospital as a patient and provided medical information. FAC ¶¶ 68-69.  Rady Foundation is the philanthropic resource for Rady Hospital. FAC ¶ 2.  Blackbaud supplies fundraising and donor management software to Rady Hospital. FAC ¶ 28.

Blackbaud announced in May 2020 that it had been the victim of a ransomware attack and data breach. FAC ¶ 124.  On October 7, 2020 Rady Hospital determined that information regarding members of its community were contained in Blackbaud's files. FAC ¶ 29. The information involved patient "names, addresses, physician, date of admission, department of service, and date of birth."  FAC ¶ 29. On October 29, 2020, Rady Hospital issued a press release stating that it "recently learned that one of its third-party service providers, Blackbaud," had experienced a data breach involving "information about members of the Rady [Hospital] community (hereinafter referred to as the "Data Breach"). *See* Exhibit 1."  FAC ¶ 26. [Exhibit 1, Dkt. 13-1, is the October 29, 2020 Notice of Data Security Incident.]  Blackbaud's IT experts expelled the hackers from Blackbaud's system. FAC ¶ 6.  Blackbaud was asked for ransom under threat the attackers would release the data. FAC ¶6.  Blackbaud "paid the cybercriminal's demand with confirmation that the copy they removed had been destroyed." *Security Incident*, *Blackbaud*, https://www.*Blackbaud*.com/securityincident (last updated Sept. 29, 2020).[1]

---

[1] Rady cites information that the FAC incorporates by reference from certain websites. FAC ¶53. The Court may consider "documents 'whose contents are (footnote continued)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Blackbaud informed the Rady Defendants that "it has no indication that any of the information actually was viewed, and that it has no reason to believe that any of this information has been or will be misused …." FAC, Ex. 1.

Plaintiff is a minor. FAC ¶ 17. He is under the age of 14. FAC ¶ 71. He does not allege that he has bank accounts or credit accounts, much less that there has been any effort at attempted unauthorized transactions. He does not allege any loss of money or property. He attempts to substitute for damage his unsupported contention that he has "been place[d] at an imminent, immediate, substantial and continuing increased risk of harm from fraud and identity theft." FAC ¶ 74. His claims of "imminent, immediate, substantial" risk of harm are unsupported and completely speculative. The information involved (patient "names, addresses, physician, date of admission, department of service, and date of birth" FAC ¶ 29) does not include his social security number or anything that lends itself to identity theft. See, for example, *Antman v Uber Techs, Inc.*, 2018 U.S. Dist. LEXIS 79371(N.D. Cal. May 10, 2018) at *24 and *28.

## III.   RULE 12(B)(6) STANDARD FOR STATING A CLAIM

A court must dismiss a complaint under Rule 12(b)(6) if the alleged facts do not entitle the plaintiff to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560-61 (2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. Nor is a court "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Legal conclusions "must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). *Ashcroft v. Iqbal*, 556 U.S. 662,

---

alleged in a complaint … but which are not physically attached to the pleading.'" *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036 (9th Cir. 2015).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  1949-50 (2009) ("*Iqbal*") and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560-61

2  (2007) ("*Twombly*"), require more than conclusory labels; they require facts.

## IV.   PLAINTIFF FAILS TO ALLEGE FACTS TO DEMONSTRATE VIOLATION OF  CMIA

5      Count II attempts to allege that Rady Hospital and Rady Foundation violated

6  California's Confidentiality of Medical Information Act ("CMIA"), Cal. Civ. Code

7  56 *et seq*.  Plaintiff contends, "Rady Hospital either disclosed its patients' Private

8  Health Information directly to Blackbaud without prior authorization and in

9  violation of CMIA and/or Rady's Hospital disclosed its patient's Private Health

10  Information to Rady Foundation who then disclosed the information to Blackbaud."

11  FAC ¶ 34.  Plaintiff contends Rady Hospital and Rady Foundation violated Civil

12  Code § 56.10(a), §56.101(a) and § 56.36.  FAC ¶¶ 107-110.  The facts alleged do

13  not support the contention that the CMIA was violated.  All alleged violations are

14  dependent on an unauthorized disclosure of "medical information" as defined by

15  Civil Code § 56.05(j), and no "medical information" is involved here.

16      Civil Code § 56.10(a) provides:

17  (a) A provider of health care, health care service plan, or contractor
    shall not disclose **medical information** regarding a patient of the
18  provider of health care or an enrollee or subscriber of a health care
    service plan without first obtaining an authorization, except as provided
19  in subdivision (b) or (c). [Emphasis added.]

20      Civil Code § 56.101(a) provides:

21  (a) Every provider of health care, health care service plan,
    pharmaceutical company, or contractor who creates, maintains,
22  preserves, stores, abandons, destroys, or disposes of **medical
    information** shall do so in a manner that preserves the confidentiality
23  of the information contained therein. Any provider of health care,
    health care service plan, pharmaceutical company, or contractor who
24  negligently creates, maintains, preserves, stores, abandons, destroys, or
    disposes of medical information shall be subject to the remedies and
25  penalties provided under subdivisions (b) and (c) of Section 56.36.
    [Emphasis added.]

26

27      Civil Code § 56.36(a) makes a "violation of this part that results in economic

28  loss or personal injury to a patient punishable as a misdemeanor."  Civil Code

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4840-1945-5459.2                                    4                    Case No. 3:21-cv-0114-WQH-AHG
DEFENDANT'S AMENDED MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS
ACTION COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(B)(6)

§ 56.36(b) provides "an individual may bring an action against a person or entity who has negligently released confidential information or records concerning him or her in violation of this part…"  The alleged violation of Civil Code § 56.10(a) or § 56.101(a) requires an unauthorized disclosure of "medical information."

A.   <u>Plaintiff Fails to Allege Defendants Disclosed "Medical Information"
As Defined In CMIA's Civil Code § 56.05(j)</u>

Civil Code §56.05(j) defines "medical information" and provides:

"Medical information" means any individually identifiable information, in electronic or physical form, in possession of or derived from a provider of health care, health care service plan, pharmaceutical company, or contractor regarding a **patient's medical history, mental or physical condition, or treatment**. "Individually identifiable" means that the medical information includes or contains any element of personal identifying information sufficient to allow identification of the individual, such as the patient's name, address, electronic mail address, telephone number, or social security number, or other information that, alone or in combination with other publicly available information, reveals the individual's identity. (Emphasis added.)

In *Eisenhower Medical Center v Superior Court*, 1226 Cal.App.4th 430, 432 (2014) ("*Eisenhower*"), the Court of Appeal issued a writ directing the trial court to grant the defendant medical center's motion for summary adjudication of the CMIA claim  "concluding that a health care provider cannot be held liable under the relevant portions of the CMIA for the release of an individual's personal identifying information that is not coupled with that individual's medical history, mental or physical condition, or treatment."  The court explained, "It is clear from the plain meaning of the statute that medical information cannot mean just any patient-related information held by a health care provider, but must be "individually identifiable information" and also include "a patient's medical history, mental or physical condition, or treatment." *Eisenhower* at 435.  *Eisenhower* further held that the fact a person was "a patient is not in itself medical information," as defined by CMIA. *Id.* at 436. CMIA expressly <u>authorizes</u> hospitals to disclose certain patient information upon demand under Civil Code § 56.16.  *Id.* This section authorizes "hospitals to reveal medical information as long as it fits with the described categories of general

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   description of the reason for the treatment, the general nature of the injury, and the

2   general condition of the patient, as well as nonmedical information." *Id.* at 436,

3   citing (*Garrett v. Young*, 109 Cal.App.4th 1393 (2003)).

4     Plaintiff is unable to allege that his "medical history, mental or physical

5   condition, or treatment" was disclosed to Rady Foundation or to Blackbaud.  The

6   information involved here is limited to "patient names, addresses, dates of birth, the

7   names of patients' physicians, and the department the patients were admitted to"

8   was involved for someone. FAC ¶ 3.  Because Plaintiff is not able to allege that his

9   "medical history, mental or physical condition, or treatment" was involved, he fails

10   to state a viable CMIA claim. For this reason alone Plaintiff's CMIA claim is

11   without merit and should be dismissed as against both Rady Hospital and Rady

12   Foundation.

13     B. Rady Foundation Can Not Have Violated Civil Code § 56.10(a)

14       Because It Is Not A Provider of Health Care, Health Care Service Plan

15       Or Contractor As Those Terms Are Defined In CMIA

16     Civil Code § 56.10(a) only extends to "[a] provider of health care, health care

17   service plan, or contractor" and provides those entities "shall not disclose medical

18   information regarding a patient …" (Underlining added.)  These terms are defined in

19   Civil Code § 56.05.  Civil Code § 56.05(m) provides:

> "Provider of health care" means any person licensed or certified
> pursuant to Division 2 (commencing with Section 500) of the Business
> and Professions Code; any person licensed pursuant to the Osteopathic
> Initiative Act or the Chiropractic Initiative Act; any person certified
> pursuant to Division 2.5 (commencing with Section 1797) of the Health
> and Safety Code; any clinic, health dispensary, or health facility
> licensed pursuant to Division 2 (commencing with Section 1200) of the
> Health and Safety Code. "Provider of health care" does not include
> insurance institutions as defined in subdivision (k) of Section 791.02 of
> the Insurance Code.

Civil Code  §56.05(g) provides:

> "Health care service plan" means any entity regulated pursuant to the
> Knox-Keene Health Care Service Plan Act of 1975 (Chapter 2.2
> (commencing with Section 1340) of Division 2 of the Health and
> Safety Code).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4840-1945-5459.2                                        6                          Case No. 3:21-cv-0114-WQH-AHG
DEFENDANT'S AMENDED MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS
ACTION COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(B)(6)

Civil Code § 56.05(d) provides:

> "Contractor" means any person or entity that is a medical group, independent practice association, pharmaceutical benefits manager, or a medical service organization and is not a health care service plan or provider of health care. ..."

Rady Foundation fits none of these definitions. "Rady's Foundation is the philanthropic resource for Rady's Hospital."  FAC ¶ 2.  No facts are alleged to demonstrate that Rady Foundation falls within CMIA's definitions of a "health care provider,"  "health care service plan," or "contractor."  For this independent reason, Rady Foundation cannot be liable for violating Civil Code § 56.10(a).

C.     <u>Rady Foundation Can Not Have Violated Civil Code § 56.101(a) Because It Is Not A Provider of Health Care, Health Care Service Plan, Contractor Or Pharmaceutical Company</u>

Civil Code § 56.101(a) only applies to a "provider of health care, health care service plan, pharmaceutical company, or contractor."  As discussed above, Rady Foundation is not a "provider of health care," "health care service plan," or "contractor."  Rady Foundation is also not a "pharmaceutical company," which is defined by Civil Code § 56.05(l) as "any company or business, or an agent or representative thereof, that manufactures, sells, or distributes pharmaceuticals, medications, or prescription drugs…."  For this reason, Rady Foundation cannot be found to have violated Civil Code § 56.101(a).

D.     <u>For These Same Reasons Rady Foundation Can Not Have Violated Civil Code § 56.36</u>

A violation of Civil Code § 56.36 requires a violation of "this part."  Because there was no violation of Civil Code § 56.10(a) or § 56.101(a), the FAC does not allege facts to demonstrate a violation of "this part" by Rady Foundation.

E.     <u>Rady Hospital Was Authorized By Civil Code § 56.10(c)(14) and Federal Law (HIPAA) to Share Fundraising Information With Rady Foundation and/or Blackbaud</u>

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4840-1945-5459.2                                        7                        Case No. 3:21-cv-0114-WQH-AHG
DEFENDANT'S AMENDED MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(B)(6)

1   Civil Code § 56.10(c) provides in pertinent part:

2   (c) A provider of health care or a health care service plan may disclose
    medical information as follows:…
3   (14) The information may be disclosed when the disclosure is
    otherwise specifically authorized by law, including, but not limited to,
4   the voluntary reporting, either directly or indirectly, to the federal Food
    and Drug Administration ….

5

6   See, *Shaddox v Betrnai*, (2003) 110 Cal.App.4th 1406, applying this section to affirm

7   dismissal of CMIA claim against dentist who reported police officer-patient's

8   possible drug use to the officer's superiors as disclosure was authorized by law as a

9   communication within the Civil Code § 47 privilege; and *McNair v City and County*

10  *of San Francisco*, (2016) 5 Cal.App.5th 1154, 1165 [doctor's disclosure of medical

11  condition to DMV was authorized under Health & Safety Code §103900(a).]

12      Federal law, the  Health Insurance Portability and Accountability Act of 1996

13  (HIPAA), expressly addresses the question of fundraising communications made by

14  health care providers and authorizes health care providers to disclose the type of

15  information that Rady Hospital is alleged to have shared with Rady Foundation and

16  Blackbaud for fundraising.  See, 45 C.F.R. § 164.514(f)(1), (2) (Fundraising

17  communications).  The full fundraising regulation is filed with this motion as

18  Exhibit A.  It provides, in pertinent part:

19      Subject to the conditions of paragraph (f)(2) of this section, a
    covered entity may use, or disclose to a business associate or to an
20  institutionally related foundation, the following protected health
    information for the purpose of raising funds for its own benefit, without
21  an authorization meeting the requirements of § 164.508:
    (i) Demographic information relating to an individual, including name,
22  address, other contact information, age, gender, and date of birth;
    (ii) Dates of health care provided to an individual;
23  (iii) Department of service information;
    (iv) Treating physician;
24  (v) Outcome information; and
    (vi) Health insurance status.

25

26  See 45 C.F.R. § 164.514(f)(1), Ex. A.

27      The information that Plaintiff alleges was shared with Rady Foundation and

28  Blackbaud fits neatly within this authorization.  The information included "patient

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4840-1945-5459.2                              8                Case No. 3:21-cv-0114-WQH-AHG
DEFENDANT'S AMENDED MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS
ACTION COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(B)(6)

names, addresses, dates of birth, the names of patients' physicians, and the department the patients were admitted to ("Private Health Information")."  FAC ¶ 3.

F.  <u>Rady Hospital Provided Notice To Its Patients That It May Use This Type Of Information About Them for Fundraising</u>

Rady's Hospital Joint Notice of Privacy Practices ("Notice") is filed as Exhibit 3 to the FAC. The Fundraising section of the Notice expressly discloses:

> Fundraising – We may use and share certain information about you to contact you about our fundraising activities. Information that we may use include your name, address, age, gender, date of birth, telephone number and other contact information (such as email address), dates when you received care at Rady Children's, the name of your treating physician, your general department of service, and health insurance status…

FAC ¶ 47 and see Ex. 3, Dkt. 13, p. 11 of 39.  Rady Foundation is "the philanthropic resource for Rady's Hospital." FAC ¶ 2. "Blackbaud is a company that supplies fundraising and donor management software to Rady Children's." FAC ¶ 28. Accordingly, the alleged disclosures are specifically authorized by law. (This result is also consistent with Civil Code 56.16, discussed next, demonstrating that this information simply is not protected and may be disclosed.)

In sum, Rady Hospital was expressly authorized by federal law (45 C.F.R. § 164.514(f)(1)), and in turn by Civil Code § 56.10(j), to provide to Rady Foundation and/or to Blackbaud "patient names, addresses, dates of birth, the names of patients' physicians, and the department the patients were admitted to ("Private Health Information")." FAC ¶ 3. There is no violation of the CMIA on these facts.

G.  <u>Civil Code § 56.16 Independently Authorized Release</u>

Civil Code §56.16 provides:

> For disclosures not addressed by Section 56.1007, unless there is a specific written request by the patient to the contrary, nothing in this part shall be construed to prevent a general acute care hospital, as defined in subdivision (a) of Section 1250 of the Health and Safety Code, upon an inquiry concerning a specific patient, from releasing at its discretion any of the following information: the patient's name, address, age, and sex; a general description of the reason for treatment (whether an injury, a burn, poisoning, or some unrelated condition); the general nature of the injury, burn, poisoning, or other condition; the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  general condition of the patient; and any information that is not medical
2  information as defined in Section 56.05.

3  The information allegedly released falls within the scope of "the patient's name,
4  address, age, and sex; a general description of the reason for treatment."

5      H.    The FAC Fails To Allege Facts To Demonstrate the Rady Defendants,
6            Negligently Created, Maintained, Preserved, Stored, Abandoned,
7            Destroyed, or Disposed Of Medical Information.

8      Violation of Civil Code 56.101(a) requires that the defendant(s) must have
9  "negligently create[d], maintain[ed], preserve[d], store[d], abandon[ed], destroy[ed],
10 or dispose[d] of medical information."  No facts are alleged to demonstrate this
11 conduct by Rady Hospital or Rady Foundation.

12     I.     Violation of CMIA Requires That An Unauthorized Person Actually
13            Viewed Medical Information And That Is Not Demonstrated Here

14     A violation of CMIA can be found only when confidential medial information
15 was "actually viewed by an unauthorized person." *Sutter Health v. Superior Court*,
16 227 Cal.App.4th 1546, 1550 (2014). In *Sutter Health*, a thief stole a health care
17 provider's computer containing medical records for about four million patients. *Id.*
18 The Court of Appeals held "that the plaintiffs have failed to state a cause of action
19 under the Confidentiality Act because they do no allege that the stolen medical
20 information was actually viewed by an unauthorized person." *Id.*  The *Sutter Health*
21 court noted this was consistent with *Regents of Univ. of Cal. v. Superior Court*,
22 220 Cal. App. 4th 549, 553-54 (2013). As the *Sutter Health* court explained, "the
23 *Regents* court held that ... a plaintiff must plead and prove that the records ... were
24 actually viewed by an unauthorized person." *Sutter Health*, 227 Cal.App.4th at 1555
25 (citing *Regents*, 220 Cal.App.4th at 569-70). In *Regents*, a physician took home an
26 external hard drive that contained patient names, dates of birth, addresses, financial
27 information and medical records, and he left it unsecured with the encryption
28 password. *Id*. at 554. The hard drive and written password were stolen from the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4840-1945-5459.2                                    10                    Case No. 3:21-cv-0114-WQH-AHG
DEFENDANT'S AMENDED MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS
ACTION COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(B)(6)

physician's home, and neither was recovered. *Id*. Despite the "broad interpretation of 'release' [the court] believe[d] the Legislature intended," the Court in *Regents* held that the plaintiff's allegations were insufficient to plead a "release" of medical information in violation of the CMIA:

> [Plaintiff's] pleading is honest. Because no one (except perhaps the thief) knows what happened to the encrypted external hard drive and the password for encrypted information, she cannot allege her medical records were, in fact, viewed by an unauthorized individual. But it is also deficient. . . . more than an allegation of loss of possession by the health care provider is necessary to state a cause of action for negligent maintenance or storage of confidential medical information. What is required is pleading, and ultimately proving, that the confidential nature of the plaintiff's medical information was breached as a result of the health care provider's negligence.

*Id*. at 570 (internal citations omitted).

Plaintiff makes the unsupported contention that the information was viewed by Rady Foundation, Blackbaud and unauthorized hackers (FAC ¶ 107 and ¶ 50) but he alleges no facts to support this and concedes that Blackbaud's investigation indicated there is no evidence that an unauthorized person actually viewed patient data.  FAC, Ex. 3: "Blackbaud has informed us that it has no indication that any of your information was actually viewed by an unauthorized person."

Unauthorized viewing might plausibly be inferred if Plaintiff could allege actual misuse of his information.  This he cannot do. The absence of any allegation of misuse is consistent with Blackbaud's conclusion that there was no unauthorized actual viewing. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Legal conclusions "must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1949-50.

## V.   **PLAINTIFF FAILS TO ALLEGE NEGLIGENCE PER SE**

In California, negligence *per se* is not an independent cause of action; rather it is "an evidentiary presumption." *Carson v. Depuy Spine, Inc.*, 365 F. App'x 812, 815 (9th Cir. 2010) (citing *Quiroz v. Seventh Avenue Center*, 140 Cal. App. 4th

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4840-1945-5459.2

11

Case No. 3:21-cv-0114-WQH-AHG

DEFENDANT'S AMENDED MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS
ACTION COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(B)(6)

1256, 1285-86 (2006) ("*Quiroz*")); *Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*, 2016 U.S. Dist. LEXIS 152838, *37-38 (S.D. Cal., Nov. 3, 2016), *Jones v. Awad,* 39 Cal.App.5th 1200, 1210 (2019). For this reason alone, there is no basis for a stand-alone negligence *per se* claim and it should be dismissed.

Even for an evidentiary presumption, a viable underlying negligence claim is required. *Quiroz*, 140 Cal.App.4th at 1285. In support of his Negligence *per se* claim, Plaintiff relies on the alleged violation of California's CMIA, Civil Code § 56 *et seq.* FAC ¶¶ 92-100. Plaintiff fails to plead facts to support a viable claim for violation of California's CMIA, Civil Code § 56 *et seq*. This is fatal to the Negligence Per Se claim (Count I in the FAC).

## VI.   PLAINTIFF FAILS TO ALLEGE A CALIFORNIA CONSUMER RECORDS ACT CLAIM

Plaintiff's claim under the California Consumer Records Act ("CRA") fails because the FAC neither alleges facts to demonstrate a legal duty on the part of Rady Hospital or Rady Foundation to provide notice, nor any damages resulting from any alleged delay in  providing notice.

The CRA requires businesses operating in California to disclose a breach of their own security systems if a California resident's information may have been compromised. Civil Code 1798.82(a). There was no breach of Rady Hospital's or Rady Foundation's security system.  The FAC alleges a Data Breach  of Blackbaud's security system.  FAC ¶¶ 26, 27, 53. A breach of Blackbaud's system does not trigger a duty under CRA for the Rady Defendants to make a disclosure.

Where disclosure is required, the CRA requires disclosure "be made in the most expedient time possible and without unreasonable delay, consistent with… any measures necessary to determine the scope of the breach and restore the reasonable integrity of the data system."  Civil Code § 1798.82(a).  Blackbaud publicly disclosed its Data Breach in May of 2020. FAC ¶ 124.  Rady determined that some of its community members' information was involved in Blackbaud's Data Breach

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

on October 7, 2020.  FAC ¶ 126.  To provide notice to particular patients, Rady necessarily had to determine which patients' information was at issue.  No date is alleged as to when Rady learned this particular Plaintiff's information was involved. Rady gave notice on October 29, 2020, 22 days after it determined that any Rady Hospital patient's information was involved on October 7, 2020.  *FAC* ¶¶ 26 and 126.  There are no facts pled to demonstrate that Rady's notice to this Plaintiff followed "unreasonable delay."

The CRA allows a "customer injured by a violation of this title" to bring a claim "to recover damages."  Civil Code § 1798.84(b).  "To allege a 'cognizable injury' arising from Defendants' alleged failure to timely notify Plaintiffs of the Data Breaches, Plaintiffs must allege '**incremental harm suffered as a result of the alleged delay in notification**,' as opposed to harm from the Data Breaches themselves."  *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 2017 U.S. Dist. LEXIS 140212, *145-46 (N.D. Cal. Aug. 30, 2017) ("*In re Yahoo!*") (emphasis added).  Plaintiff does not  allege facts to demonstrate any damage *as a result of the alleged delay* in notification. Plaintiff alleges only the unsupported and implausible conclusion that he "suffered incrementally increased damages separate and distinct from those simply caused by the Data Breach itself."  FAC ¶ 130.

Plaintiff is a minor. FAC ¶ 17. He is under the age of 14.  FAC ¶ 71. He does not allege he has a bank account, a credit card or a debit card.  He does not allege money has been taken from him, that he has incurred any debt, that he has been the victim of identity theft or that he has suffered any harm at all.  *See*, *Antman v Uber Techs, Inc.*, 2018 U.S. Dist. LEXIS 79371 (N.D. Cal. May 10, 2018) at *22 ("*Antman*") ["Without a hack of information such as social security numbers, account numbers, or credit card numbers, there is no obvious, credible risk of identity theft that risks real, immediate injury."]  Nor does he allege what steps he or his guardian took, if any, after he received Rady's notice of this incident in an effort to protect himself. To demonstrate that he suffered some incremental harm as a

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4840-1945-5459.2

13

Case No. 3:21-cv-0114-WQH-AHG

DEFENDANT'S AMENDED MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS
ACTION COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(B)(6)

1   result of delay in notice, he must allege facts to demonstrate that he has, in fact,

2   suffered harm and demonstrate that harm could have been avoided if he had

3   received notice earlier.  He makes no such showing. Reciting the statutory

4   requirements is insufficient pursuant to *Iqbal* and *Twombly*.

5       A.    <u>Plaintiff's Fraud Based CRA Claim For Punitive Damages Does Not</u>

6              <u>Satisfy Rule 9(b); The Claim For Punitive Damages Must Be Stricken</u>

7         The FAC alleges, "Defendants' misconduct as alleged herein is fraud under

8   Cal. Civ. Code § 3294(c)(3) in that it was deceit or concealment of material facts …

9   as patients were not aware Defendants furnished their Private Health Information to

10  Blackbaud" FAC ¶ 133. Federal Rule of Civil Procedure 9(b) applies to claims of

11  fraud and to claims "sounding in fraud" and requires "the who, what, when, where,

12  and how" to be pled with particularity.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120,

13  1124-25 (9th Cir. 2009).  A claim of fraud in California requires: "(a)

14  misrepresentation (false representation, concealment, or nondisclosure); (b)

15  knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d)

16  justifiable reliance; and (e) resulting damage."  *Kearns*, 567 F.3d at 1126.

17        Fraudulent misrepresentation requires that the plaintiff "was exposed to the

18  particular representation claimed to be deceptive."  *In re Sony II*, 996 F.Supp.2d

19  942, at 989 (S.D. Cal. 2014).  "This requires the plaintiff to identify the time, place,

20  and content of the alleged fraudulent misrepresentation; the identity of the person

21  engaged in the fraud; and the circumstances indicating falseness…"  *Id*.  Plaintiff's

22  allegations do not satisfy these requirements.

23        The facts undercut any claim of fraud. Plaintiff admits the Notice of Privacy

24  Practices discloses fundraising activities. FAC at ¶¶ 46-47, Ex. 3, Notice of Privacy

25  Policies. The "**<u>Fundraising</u>**" section in the Notice cannot be said to be deceptive.

26  The  FAC concludes Rady's conduct was deceit or concealment without factual

27  support.  Plaintiff has not pled he even read the Notice.  *In re Sony II*, 996 F.Supp.

28  2d 989. The facts plead are insufficient for Rule 9(b) fraud pleading standards.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4840-1945-5459.2

14

Case No. 3:21-cv-0114-WQH-AHG

DEFENDANT'S AMENDED MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS
ACTION COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(B)(6)

To state a claim for a fraudulent omission, plaintiff must allege either (1) defendant made an affirmative representation that is the opposite of the alleged omission, or (2) the defendant had a duty to disclose the alleged omission. *In re Sony II*, 996 F.Supp.2d at 990.  A duty to disclose may exist when the defendant: (1) has a fiduciary relationship with the plaintiff; (2) knows material facts the plaintiff could not know; (3) "actively conceals a material fact from the plaintiff;" or (4) suppresses a material fact after making a partial representation. *Id*.

Plaintiff has not sufficiently pled which representations are at issue and he does not plead with particularity how the alleged omissions are misleading. Because Plaintiff has not sufficiently pled that either Rady made representations contrary to alleged omissions, he must instead plead that Rady had a duty to disclose, but, as noted, there are insufficient facts plead to demonstrate a duty to disclose.  *See In re Sony II*, 996 F.Supp.2d at 990. There are no facts to show either Rady knew of a weakness in Blackbaud's security system, actively concealed a weakness in Blackbaud's security system or suppressed information regarding a weakness in Blackbaud's security after partially representing otherwise. Plaintiff admits Defendants provided notice 22 days after their investigation determined their patients' information was included. *Id.* at ¶126.

Fraudulent omission claims require actual reliance by Plaintiff.  *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1225 (9th Cir. 2015).  Reliance requires showing that "had the omitted information been disclosed, one would have been aware of it and behaved differently." *Id*.  Plaintiff does not plead facts to support this.

Plaintiff alleges in the CRA claim that the Rady Defendants' conduct constitutes deceit or concealment of a material fact. FAC at ¶133. This contention is inconsistent with the discussion of Fundraising in the Notice of Privacy Practices (see FAC ¶ 74 and Exhibit 3, "Fundraising") and the admission that Defendants provided notice on October 29, 2020. No facts are pled to demonstrate malice or oppression as required by Cal. Civil Code §3294(a) for punitive damages.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## VII.   PLAINTIFF FAILS TO ALLEGE FACTS TO DEMONSTRATE INVASION OF PRIVACY

Count IV attempts to allege Intrusion into Private Affairs and violation of the California Constitution, Invasion of Privacy under Art. 1, §1. FAC ¶¶ 136-146.

### A.   The Constitutional Claim Fails

A plaintiff alleging an invasion of privacy in violation of the state constitutional right to privacy must establish each of the following: (1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious invasion of privacy. *Hill v. Nat'l Collegiate Athletic Ass'n,* 7 Cal. 4th 1, 39-40 (1994) ("*Hill*"). Whether a legally recognized privacy interest is present in a given case is a question of law to be decided by the court. *Id.* at 40. Whether plaintiff has a reasonable expectation of privacy in the circumstances and whether defendant's conduct constitutes a serious invasion of privacy are mixed questions of law and fact. If the undisputed material facts show no reasonable expectation of privacy or an insubstantial impact on privacy interests, the question of invasion may be adjudicated as a matter of law. *Id.*

Legally recognized privacy interests are generally of two classes: (1) interests in precluding the dissemination or misuse of sensitive and confidential information ("informational privacy"); and (2) interests in making intimate personal decisions or conducting personal activities without observation, intrusion, or interference ("autonomy privacy"). *Id.* at 10.  As discussed above, the information Plaintiff complains about at issue in this matter is not protected as "medical information" under Civ. Code § 56.05(j); Civil Code § 56.11 authorizes disclosure of this type of information; HIPAA expressly authorizes disclosure for fundraising; and the Joint Notice advised that the information could be shared for fundraising.  There is no legally protected privacy interest in this information. This is fatal to the claim.

Plaintiff contends that he "had a legitimate and reasonable expectation of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4840-1945-5459.2                                        16                          Case No. 3:21-cv-0114-WQH-AHG
DEFENDANT'S AMENDED MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS
ACTION COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(B)(6)

privacy with respect to [his] medical information," that Rady disclosed to Rady

Foundation and/or Blackbaud. FAC ¶¶ 138 -139. He has at least two problems with

this claim. First, unless the patient makes "a specific written request to the

contrary," Civil Code § 56.16 expressly authorizes hospitals to disclose "the

patient's name, address, age, and sex; a general description of the reason for

treatment (whether an injury, a burn, poisoning, or some unrelated condition); the

general nature of the injury, burn, poisoning, or other condition; the general

condition of the patient; and any information that is not medical information as

defined in Section 56.05." As a matter of law, he could not have had a reasonable

expectation of privacy in connection with information that state law expressly

allows a hospital to disclose.

Plaintiff's second problem is that Rady's Joint Notice of Privacy Practices

discloses: "We may use and share certain information about you to contact you

about our fundraising activities" including "your name, address, age, gender, date of

birth, telephone number and other contact information (such as email address), dates

when you received care at Rady Children's, the name of your treating physician,

your general department of service, and health insurance status." FAC Ex. 3,

"Fundraising." This is inconsistent with a reasonable expectation of privacy.

Plaintiff also fails to plead facts to support an egregious breach of social

norms underlying this right, as required by *Hill*, 7 Cal. 4th at 11. Plaintiff pleads that

Rady disclosed his information to the Foundation and/or Blackbaud, consistent with

how it said it would in the Joint Notice of Privacy Practices "Fundraising" section.

That "Blackbaud's systems containing Plaintiff's … information was thereafter

hacked…" (FAC ¶139) is not an egregious breach by the Rady Defendants.

B. <u>Plaintiff Does Not Plead Facts Demonstrating A Common Law Claim</u>
<u>For Intrusion into Private Affairs or Public Disclosure of Private Facts</u>

The FAC alleges Intrusion into Private Affairs (FAC ¶ 137) and indirectly

appears to allege public disclosure of private facts. FAC ¶ 139. The elements of the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4840-1945-5459.2

17

Case No. 3:21-cv-0114-WQH-AHG

DEFENDANT'S AMENDED MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS
ACTION COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(B)(6)

1    tort of invasion of privacy by intrusion into a person's solitude or seclusion are: (1)

2    an intentional intrusion, physical or otherwise, (2) into the plaintiff's private life,

3    solitude, or seclusion (3) that would be highly objectionable or offensive to a

4    reasonable person and (4) is the cause of an adverse effect on the plaintiff. See

5    *Miller v National Broad. Co.*, 187 Cal. App. 3d 1463 (1986). Plaintiff fails to plead

6    facts were disclosed that demonstrate an intrusion "highly offensive to a reasonable

7    person." His conclusory assertions are insufficient. Further, Plaintiff has not pled

8    any adverse effect required for intrusion into private matters. This minor does not

9    allege he has a bank account, a credit card or a debit card.  He does not allege any

10   money has been taken from him, that he has incurred any debt, that he has been the

11   victim of identity theft or that he has suffered any harm to date at all.  He does not

12   allege he has been shunned or harmed in any way.

13        The elements of the common law tort of public disclosure of private facts are

14   (1) public disclosure (2) of a private fact (3) that would be offensive and

15   objectionable to a reasonable person and (4) that is not of legitimate public concern

16   or interest.  *Catsouras v Department of Cal. Highway Patrol*, 181 Cal. App. 4th 856,

17   874 (2010).  Plaintiff has not plead any *public* disclosure that could be attributable

18   to Rady Hospital or Rady Foundation; only disclosure by Rady Hospital to Rady

19   Foundation and/or Blackbaud. FAC ¶139. Blackbaud was then hacked by

20   unauthorized third-parties. *Id.* Plaintiff concedes this information has not been

21   publicly disclosed to date, speculating instead that "it is reasonably likely that such

22   information will become known to the public…" This is insufficient to support a

23   public disclosure of any private fact.  Additionally, as noted, Plaintiff fails to plead

24   the information would be offensive and objectionable.

25        C.    Injunctive Relief Requested is Misguided at the Wrong Actor

26        Count IV alleges that Rady's wrongful conduct will continue to cause injury

27   unless it is enjoined and restrained by the Court in that "the medical information

28   maintained by Defendant can be accessed, acquired by, appropriated by, disclosed

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    to, encumbered, exfiltrated by, released to, stolen by, used by and/or viewed by

2    unauthorized persons." FAC ¶ 145.  Where a plaintiff seeks injunctive relief, the

3    plaintiff must demonstrate that he or she — and any other proposed class members

4    — are "realistically threatened by a repetition of the violation." *Gest v. Bradbury*,

5    443 F.3d 1177, 1181 (9th Cir. 2006) (citing *Armstrong v. Davis*, 275 F.3d 849, 860-

6    61 (9th Cir. 2001).  Plaintiff alleges information was already shared with Rady

7    Foundation and Blackbaud.  An injunction cannot undo that.  Even if the Rady

8    defendants could control Blackbaud's data security practices (which they cannot) no

9    facts are pled supporting a repetition of Blackbaud's breach.  An order requiring

10   Rady to enhance its own cybersecurity (or an equivalent declaratory judgment) will

11   not provide any relief for past injuries or injuries incurred in the future because of

12   the Blackbaud Data Breach that has already occurred. And there is no basis to

13   conclude any change in Rady's own data security systems is warranted.

14   **VIII.** **PLAINTIFF FAILS TO ALLEGE FACTS TO DEMONSTRATE**

15            **BREACH OF CONTRACT BY RADY HOSPITAL[2]**

16        A breach of contract claim in California requires "(1) a contract, (2) plaintiff's

17   performance, (3) defendant's breach, and (4) damages."  *Lyons v. Coxcom, Inc.*,

18   718  F.Supp.2d 1232 (S.D. Cal., June 8, 2009). Plaintiff must provide, if not the

19   contracts themselves, the material provisions of each contract that Defendants are

20   alleged to have violated.  *Kaui Scuba Ctr., Inc. v. Padi Americas, Inc*., 2011 U.S.

21   Dist. LEXIS 75704, (C.D. Cal. July 13, 2011). Plaintiff does not plead facts to

22   demonstrate these elements.  Plaintiff contends Rady Hospital entered into "binding

23   and enforceable contract with Plaintiff" and these "contracts include terms covering

24   privacy and limiting the use and sharing of Plaintiff's … information," and that

25

26   _____

     [2] Plaintiff does not allege he entered into any contract with Rady Foundation. He
27   appears to bring the Breach of Contract, Breach of Implied Contract and Breach of
     the Implied Covenant of Good Faith and Fair Dealing claims only against Rady
28   Hospital.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    "these contracts incorporated Rady's Hospital's privacy policies … in accordance

2    with federal and state privacy laws… " FAC ¶¶157 - 158. Plaintiff claims he

3    accepted Rady Hospital's offer in going to Rady Hospital and paying for health care

4    services. *Id.* at ¶161. Plaintiff alleges Rady Hospital breached its privacy obligation

5    and violated the terms "by disclosing and allowing unauthorized access to Plaintiff's

6    … private health information for unauthorized purposes without first obtaining

7    Plaintiff's consent, or encrypting or otherwise protecting the information…" *Id.* at

8    ¶162. Plaintiff attaches to the FAC the Joint Notice of Privacy Practices, which

9    explicitly states that Rady Hospital may share information for fundraising. FAC ¶ 47

10   and Ex. 3. Plaintiff does not identify any express language, specific standards, or

11   provision of any "contracts" or of the Joint Notice of Privacy Practices alleged to

12   have been breached, or the specific requirements of those standards.

13       The contract claim also fails because Plaintiff is unable to allege facts to show

14   this incident *caused* "cognizable, non-speculative harm" to this Plaintiff. *Castillo v.*

15   *Seagate Tech., LLC*, 2016 U.S. Dist. LEXIS 187428, *14 (N.D. Cal. Sept. 14,

16   2016).  "Speculative harm or the mere threat of future harm is insufficient to

17   constitute actual loss." *Id.*  Plaintiff alleges unsupported conclusions that Rady

18   Hospital's breach caused Plaintiff to suffer "additional pecuniary loss and injury-in-

19   fact, including without limitation the improper disclosure … lost benefit of the

20   bargain, love [sic] value … and lost time and money incurred to mitigate and

21   remediate the effect of the improper and unauthorized disclosures and the Data

22   Breach …." FAC ¶  164.  Plaintiff has not pled facts to show he has lost time or

23   money to date to mitigate any purported harm, nor has he alleged facts

24   demonstrating how his information is now less valuable.  Plaintiff's allegations of

25   harm are too conclusory and vague to satisfy the pleading standard in a data-breach

26   class action. *Razuki v. Caliber Home Loans, Inc.* 2018 U.S. Dist. LEXIS 196070

27   (S.D. Cal. Nov. 15, 2018). General risk of harm is insufficient because it stems from

28   the danger of future harm and claims alleging diminution of value of personal data

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4840-1945-5459.2                                    20                    Case No. 3:21-cv-0114-WQH-AHG
DEFENDANT'S AMENDED MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS
ACTION COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(B)(6)

1  fails to allege enough facts to establish how personal information is less valuable as

2  a result of the breach. *Id.*  Courts reject the generic allegation that plaintiffs "pay a

3  premium for a side order of data security protection."  *Alleruzzo v. SuperValue, Inc.*,

4  925 F.3d 955, 966 (8th Cir. 2019) ("[Plaintiff] paid for groceries, the price of which

5  would have been the same whether he paid with cash or a credit card.  He did not

6  pay a premium for a side order of data security and protection.").  Pleading

7  unsupported contentions and/or speculative future harm is not sufficient.

8  **IX.**   **PLAINTIFF FAILS TO ALLEGE A BREACH OF IMPLIED**

9        **CONTRACT CLAIM AGAINST RADY HOSPITAL**

10      "An implied contract 'consists of obligations arising from a mutual agreement

11  and intent to promise where the agreement and promise have not been expressed in

12  words.'"  *Rosendahl v. Bridgeport Educ., Inc.*, 2011 U.S. Dist. LEXIS 119735, *21

13  (S.D. Cal., Oct. 17, 2011) ("*Rosendahl*"). "A cause of action for breach of implied

14  contract has the same elements as does a cause of action for breach of contract,

15  except that the promise is not expressed in words but is implied from the promisor's

16  conduct." *Yari v. Producers Guild of Am., Inc.*, 161 Cal. App. 4th 172, 182, (2008);

17  see also, *Fallbrook Hosp. Corp. v. Cal. Nurses Ass'n/Nat'l Nurses Org. Comm.*

18  *("CAN/NNOC")*, 2014 U.S. Dist. LEXIS 84427, *11-12 (S.D. Cal., June 18, 2014).

19  To show the formation of an implied contract requires showing "a meeting of the

20  minds" as seen through the parties' conduct.  *Rosendahl*, 2011 U.S. Dist. LEXIS

21  119735, *21.

22      Plaintiff contends that by providing medical information to Rady Hospital, he

23  and Rady Hospital entered into an implied contract of which Rady Hospital agreed

24  to comply with its statutory and common law duties to protect his medical

25  information, and that based on said understanding, Plaintiff accepted Rady

26  Hospital's offer of medical services and provided his medical information. FAC

27  ¶¶ 149-150. Plaintiff contends he would not have given his medical information to

28  Rady, had he "known that Defendant would not safeguard [his] medical information

DEFENDANT'S AMENDED MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS
ACTION COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(B)(6)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

as promised." *Id.* ¶ 151. No facts are alleged to demonstrate a meeting of the minds on a promise that Rady Hospital would not share information for fundraising with others.  To the contrary, the Joint Notice of Privacy Practices, expressly states: "We may use and share certain information about you to contact you about our fundraising activities. Information that we may use include your name, address, age, gender, date of birth, telephone number and other contact information (such as email address), dates when you received care at Rady Children's, the name of your treating physician, your general department of service, and health insurance status…" FAC ¶ 47 and Ex. 3. There was no meeting of the minds that Rady Hospital would not share this information.

There was no promise that Rady Hospital's or Blackbaud's data security system was immune from cyberattack. Nor is any such implied promise possible. *See Lovell v. P.F. Chang's China Bistro, Inc.,* 2015 U.S. Dist. LEXIS 112101, *10-11 (W.D. Wash. Mar. 27, 2015) ("*Lovell*") (dismissing claim for breach of implied contract in data breach suit: "Plaintiff provides no evidence from which one could plausibly infer that defendant intended to contractually bind itself to a general standard of reasonable care or any particular cybersecurity standard or protocol by accepting payment via a credit or debit card.… Plaintiff alleges no facts suggesting that he requested or that defendant made additional promises regarding loss prevention, and neither the circumstances nor common understanding give rise to an inference that the parties mutually intended to bind defendant to specific cybersecurity obligations.")  There was no implied promise of "defendant intended to contractually bind itself to a general standard of reasonable care or any particular cybersecurity standard."  *Lovell*, 2015 U.S. Dist. LEXIS 112101, *10.

## X.   PLAINTIFF FAILS TO ALLEGE A VIABLE BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING CLAIM

An implied covenant of good faith and fair dealing is included in every contract in California. *Rosendahl*, *supra,* 2011 U.S. Dist. LEXIS 119735, *22-23.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

This covenant imposes a duty "that neither party … do anything which will injure the right of the other to receive the benefits of the agreement." *Id.* at *23. "California law makes clear that establishing breach of the implied covenant requires proof of a conscious and deliberate act, which unfairly frustrates the agreed common purpose of the agreement." *Corona v. Sony Pictures Entm't, Inc.*, 2015 U.S. Dist. LEXIS 85865, *15 (C.D. Cal. June 15, 2015). The covenant is limited to the terms of the contract. *Rosendahl*, 2011 U.S. Dist. LEXIS 119735, *23. Without a contract and resulting benefits of the agreement, there can be no breach of the implied covenant of good faith and fair dealing. *Id.* at *23-24. The FAC alleges Plaintiff was admitted to Rady Hospital as a patient for treatment and services. FAC ¶ 68. No facts are alleged to demonstrate "a conscious and deliberate act [by Rady Hospital], which unfairly frustrates the agreed common purpose of the agreement."

A second bar to this claim is that California law precludes the tort claim Plaintiff attempt to plead here. Because the covenant of good faith and fair dealing is a contract term aiming to effectuate the contractual intentions of the parties, compensation for its breach is "limited to contract rather than tort remedies." *Cates, Constr., Inc. v. Talbot Partners*, 21 Cal. 4th 28, 43 (1999). An exception is that "tort remedies are available for a breach of the covenant in cases involving insurance policies." *Id.* This is not a claim alleging breach of an insurance contract. Any claim for tort damages must be dismissed. If Plaintiff intends to simply re-plead a claim for breach of contract damages, the claim is duplicative of the breach of contract and/or breach of implied contract claims and should be dismissed for that reason.

## XI. PLAINTIFF FAILS TO ALLEGE A BREACH OF CALIFORNIA'S UNFAIR COMPETITION LAW CLAIM

Plaintiff attempts to allege a claim under California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §17200 *et seq*. alleging unlawful, unfair, and fraudulent business acts or practices. FAC ¶¶ 174–176. This fails.

A.   The UCL Claim Fails for Lack of Standing

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    Only "a person who has suffered injury in fact and has lost money or property

2  as a result of the unfair competition" has standing to bring a claim.  Bus. & Prof.

3  Code § 17204; *Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*, 2016 U.S.

4  Dist. LEXIS 152838, *34 (S.D. Cal., Nov. 3, 2016) (citing *Kwikset Corp. v.*

5  *Superior Court*, 51 Cal.4th 310, 323 (2011)) ["[T]o establish standing under the

6  UCL, a plaintiff's claim must specifically involve lost money or property."]

7  Plaintiff contends he lost money or property (FAC ¶ 78), but does not allege facts to

8  support this. *See Ables v. Brooks Bros. Grp., Inc.*, 2018 U.S. Dist. LEXIS 154681,

9  *19-20.  He alleges "loss of privacy" as well as loss in value of his information (*Id.*),

10  but even if true, this does not satisfy the requirement of a loss of money or property

11  as required for a UCL claim.  *Dugas*, 2016 U.S. Dist. LEXIS 152838, *17-18.

12  Plaintiff alleges risk of future fraud and identity theft (FAC ¶¶ 74, 80).  This risk is

13  also insufficient. *In re Yahoo!*, 2017 U.S. Dist. LEXIS 140212, *94-95.  Plaintiff

14  attempts to allege damages from a delay in notice (FAC ¶ 130) but this is

15  unsupported by averments of fact. The FAC alleges "out-of-pocket expenses and the

16  value of their time reasonably expended to remedy or mitigate the effects of the data

17  breach" (FAC ¶ 164), but there are no details of actual out-of-pocket expenses

18  incurred.  Time and money spent trying to mitigate speculative future harm is not

19  sufficient.  *See In re Yahoo!*, 2017 U.S. Dist. LEXIS 140212, *91-93; *Ables*, 2018

20  U.S. Dist. LEXIS 154681, *17-19 (finding similar claims insufficient even for

21  Article III standing).  Plaintiff fails to allege *actual* lost money or property.

22    B.    Plaintiff's "Unlawful" UCL Claim Fails

23    A claim must allege conduct that equates to a violation of another law to be

24  considered unlawful under the UCL.  *Davis v. HSBC Bank*, 691 F.3d 1152, 1168

25  (9th Cir. 2012) (citation omitted).  Plaintiff alleges Defendants' "conduct violated

26  certain laws as alleged herein." FAC ¶ 174. Plaintiff's claims related to the CMIA,

27  CRA, and other torts are discussed above. As all are unsupported, Plaintiff has not

28  sufficiently alleged a violation of any law.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4840-1945-5459.2                                24                    Case No. 3:21-cv-0114-WQH-AHG
DEFENDANT'S AMENDED MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS
ACTION COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(B)(6)

1

### C.    Plaintiff's "Unfair" UCL Claim Fails

California courts are split on what test to apply to determine if a practice is unfair under the UCL.  *Davis v. HSBC Bank*, 691 F.3d 1152, 1169-70 (9th Cir. 2012).  Plaintiff seems to appeal to the balancing test approach which defines unfair conduct as conduct that "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers…" and requires weighing the "impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer." *Id.* at 11169; *see* FAC. ¶ 174 ("'unfair' because … Plaintiff… reasonably expected Defendants would protect the confidentiality of [his] medical information.") Plaintiff relies on the same allegations as the fraud-based UCL claim.  FAC ¶¶ 176. Accordingly, this claim must also satisfy the heightened pleading requirements of Rule 9(b).  *In re Actimmune Mktg. Litig.*, 2009 U.S. Dist. LEXIS 103408, *43-44 (N.D. Cal., Nov. 6, 2009), *aff'd*, 464 F. App'x 651 (9th Cir. 2011) (dismissing a claim of unfair conduct under the UCL for failure to satisfy Rule 9(b) because it was premised on the same allegations as fraudulent conduct claimed under the UCL which failed).

### D.    Plaintiff's "Fraud" Based UCL Claim Does Not Satisfy Rule 9(b)

To the extent Plaintiff is attempting to plead a UCL claim premised on fraud, the claim fails. Federal Rule of Civil Procedure 9(b) applies to claims of fraud and to claims "sounding in fraud" and requires "the who, what, when, where, and how" to be pled with particularity.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009). Plaintiff's claim does not satisfy Rule 9(b).

## XII.  **CONCLUSION**

Plaintiff fails to allege facts sufficient to plead any cause of action. Defendants respectfully request all of Plaintiff's claims be dismissed.  Plaintiff amended and took his best shot after Rady Hospital filed its first  motion to dismiss. The dismissal should be with prejudice.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4840-1945-5459.2

25

Case No. 3:21-cv-0114-WQH-AHG

DEFENDANT'S AMENDED MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS
ACTION COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(B)(6)

1

2     DATE:  April 29, 2021                LEWIS BRISBOIS BISGAARD & SMITH LLP

3

4                                          By: _____

5                                              JON P. KARDASSAKIS
                                               Attorneys for Defendants RADY
6                                              CHILDREN'S HOSPITAL – SAN DIEGO
                                               and RADY CHILDREN'S HOSPITAL
7                                              FOUNDATION – SAN DIEGO

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# FEDERAL COURT PROOF OF SERVICE
John Doe, et, al v Rady Children's Hospital - San Diego
Case No. 3:21-cv-00114-WQH-AHG

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 900717.  I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On May 3, 2021, I served the following document(s):

**DEFENDANTS AMENDED MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(B)(6)**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Ronald Marron  SB # 175650
Alexis Wood    SB # 270200
Kas Gallucci    SB # 288709
LAW OFFICES OF RONALD MARRON
651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006
Facsimile:  (619) 564-6665
ron@consumeradvocates.com
alexis@consumeradvocates.com
kas@consumeradvocates.com
*Attorneys for Plaintiff and the Proposed Class*

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM)  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on May 3, 2021, at Los Angeles, California.

*s/Laurie A. Wood*

Laurie A. Wood

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4840-1945-5459.2

1

Case No. 3:21-cv-0114-WQH-AHG

DEFENDANT'S AMENDED MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(B)(6)