**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JON P. KARDASSAKIS, SB# 90602
  E-Mail: Jon.Kardassakis@lewisbrisbois.com
633 W. 5th Street, Suite 4000
Los Angeles, CA 90071
Telephone: (213) 680-5040
Facsimile:  (213) 250-7900

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
WHITNEY J. BETTS, SB# 272584
  E-Mail: Whitney.Betts@lewisbrisbois.com
550 West C Street, Suite 1700
San Diego, California 92101
Telephone: (619) 233-1006
Facsimile:  (619) 233-8627

Attorneys for Defendants RADY CHILDREN'S HOSPITAL - SAN DIEGO and RADY CHILDREN'S HOSPITAL FOUNDATION-SAN DIEGO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Doe, a minor, by and through Guardian ad Litem, Latasha Pope, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>Rady Childrens Hospital-San Diego, a California Corporation and Rady Children's Hospital Foundation-San Diego<br><br>Defendants. | Case No. 21-CV-0114-WQH-AHG<br><br>**DEFENDANTS RADY CHILDREN'S HOSPITAL – SAN DIEGO AND RADY CHILDREN'S HOSPITAL FOUNDATION – SAN DIEGO'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Trial Date:      None Set |

4838-3333-7835.1

Case No. 21-CV-0114-WQH-AHG
RADY CHILDREN'S HOSPITAL – SAN DIEGO AND RADY CHILDREN'S HOSPITAL FOUNDATION – SAN DIEGO'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FAC

## 1. THE CMIA CLAIM SHOULD BE DISMISSED

### A. No "Medical Information"

The First Amended Complaint alleges Defendants Rady Children's Hospital-San Diego ("Rady Hospital") and Rady Children's Hospital Foundation-San Diego ("Rady Foundation") (collectively "Defendants") violated Civil Code §56.10, §56.101 and §56.36 of California's Confidentiality of Medical Information Act ("CMIA"). Defendants' motion quotes these statutory provisions to show there can be no violation of these sections without an unauthorized disclosure or release of "medical information" as defined in CMIA. The Opposition does not take issue with this and instead essentially asks the Court to ignore that "medical information" is defined in CMIA to mean a "patient's medical history, mental or physical condition or treatment," which are not implicated here. Civil Code § 56.05(j) provides:

> "Medical information" means any individually identifiable information, in electronic or physical form, in possession of or derived from a provider of health care, health care service plan, pharmaceutical company, or contractor regarding **a patient's medical history, mental or physical condition, or treatment**. … (Emphasis added).

The information involved here is limited to "patient names, addresses, dates of birth, the names of patients' physicians, and the department the patients were admitted to". FAC ¶ 3. This is not "medical information" under the statute. *Eisenhower Medical Center v Superior Court*, 226 Cal.App.4th 430, 435, addressed this issue. The court cited and followed the normal rules of statutory construction:

> "Words used in a statute or constitutional provision should be given the meaning they bear in ordinary use. [Citations.] If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature … It is clear from the plain meaning of the statute that medical information cannot mean just any patient-related information held by a health care provider, but must be "individually identifiable information" and also include "a patient's medical history, mental or physical condition, or treatment." This definition does not encompass demographic or numeric information that does not reveal medical history, diagnosis, or care.

"[T]he mere fact that a person may have been a patient at the hospital at some time is not sufficient." *Id.* Ignoring the statutory definition and the rules of statutory

4838-3333-7835.1     2     Case No. 21-CV-0114-WQH-AHG

RADY CHILDREN'S HOSPITAL – SAN DIEGO AND RADY CHILDREN'S HOSPITAL FOUNDATION – SAN DIEGO'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FAC

construction, Plaintiff argues "one can derive important specific and private facts regarding a patient's medical history, mental or physical condition, and/or treatment from the names of the patient's treating physicians, the dates of admission, and the medical departments the patients were admitted to." Opposition 4:16-19. If the Legislature wanted the definition to include information from which "one can derive important specific and private facts regarding a patient's medical history, mental or physical condition, and/or treatment," it would have said so.  It did not. The Legislature adopted a bright line test: is the information a patient's "medical history, mental or physical condition or treatment"?  The Legislature did not adopt a fuzzy test that would ask the Court to speculate what might be "derived from" the information at issue as Plaintiff argues.

The court in *Eisenhower Medical Center* further noted CMIA also includes Civil Code § 56.16, which expressly authorizes disclosure of "the patient's name, address, age, and sex; a general description of the reason for treatment (whether an injury, a burn, poisoning, or some unrelated condition); the general nature of the injury, burn, poisoning, or other condition; the general condition of the patient; and any information that is not medical information as defined in Section 56.05."  While a patient's physical condition might be "derived from" "a general description of the reason for treatment" or "the general nature of the injury … or other condition" this would not support a violation of CMIA.

Additionally, Plaintiff offers nothing to support his argument that anyone can "derive" his "medical history, mental or physical condition, or treatment" from his name, address, date of birth, the names of his physicians, or department he was admitted to. In short, there is no "medical information" here.

**B. Civil Code §§ 56.10, 56.101 and 56.36 Do Not Apply to Rady Foundation**

The FAC alleges, "Defendants are considered providers of health care as defined under CMIA. Cal. Civ. Code § 56.05(m)."  FAC ¶ 20 and 103.  On this

premise, Plaintiff alleges Rady Foundation can be found to have violated Civil Code § 56.10, 56.101 and 56.36.[1] FAC ¶¶ 21-23, 106-110. But Rady Foundation is not a "provider of health care" as defined in CMIA. Civ. Code § 56.05(m) provides:

> "Provider of health care" means any person licensed or certified pursuant to Division 2 (commencing with Section 500) of the Business and Professions Code; any person licensed pursuant to the Osteopathic Initiative Act or the Chiropractic Initiative Act; any person certified pursuant to Division 2.5 (commencing with Section 1797) of the Health and Safety Code; any clinic, health dispensary, or health facility licensed pursuant to Division 2 (commencing with Section 1200) of the Health and Safety Code. "Provider of health care" does not include insurance institutions as defined in subdivision (k) of Section 791.02 of the Insurance Code.

No facts are alleged to demonstrate that Rady Foundation meets these tests. Rady Foundation is the philanthropic resource for Rady Hospital. FAC ¶ 2.

The Opposition switches horses and makes a new unpled claim that Rady Foundation is a "contractor" because it is a "medical service organization." This argument lacks any supporting fact averments and is inconsistent with the admission that Rady Foundation is the philanthropic resource for Rady Hospital. FAC ¶ 2. As a philanthropic resource Rady Foundation does not provide medical services.

Plaintiff's argument about §56.11 is off the mark as that section provides requirements for an authorization to release medical information "pursuant to subdivision (a) of Section 56.10." Rady Foundation is not alleged to have received "medical information" "pursuant to subdivision (a) of Section 56.10."

### C. Civil Code § 56.10(c)(14)

The Opposition argues that "HIPAA expressly bans preemption of state laws when the state law … is more stringent." Opp. 7:2-4. But on this point California law is not more stringent. California authorizes disclosure "when the disclosure is

---

[1] Civil Code § 56.10 only applies to "A provider of health care, a health care service plan, or a contractor." Civil Code §56.101 only applies to a "provider of health care, health care service plan, pharmaceutical company, or contractor." A violation of Civil Code § 56.36 requires a violation of "this part."

4838-3333-7835.1    4    Case No. 21-CV-0114-WQH-AHG

RADY CHILDREN'S HOSPITAL – SAN DIEGO AND RADY CHILDREN'S HOSPITAL FOUNDATION – SAN DIEGO'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FAC

otherwise specifically authorized by law…." Civil Code § 56.10(c)(14).  HIPAA authorizes the disclosure of "protected health information for the purpose of raising funds for its own benefit, without an authorization…."  45 C.F.R. 164.514(f)(1)(2). The Opposition ignores the statutory scheme in arguing that "CMIA provides stronger privacy protections than HIPAA for medical information thus trumping HIPAA."  Opp. 7:11-12. California law allows disclosures authorized by HIPAA.

The Opposition's argument that the Joint Notice of Privacy Practices is unsigned or does not meet the requirements of § 56.11 when "medical information" is disclosed "pursuant to subdivision (a) of Section 56.10" ignores that § 56.11 has no application here as the information at issue is not "medical information" and disclosure is authorized under §56.10(c)(14), not under §56.10(a). Plaintiff's argument that "Rady does not actually present its patients with the contents of the Notice" (Opp. 9:15-16) is inconsistent with the allegations that Rady's contracts with patients "incorporated Rady Hospital's privacy policies wherein it promised to protect the privacy of Plaintiff's … personal information in accordance with federal and state privacy laws …."  FAC ¶ 158; see also, FAC ¶ 149.  Plaintiff blows hot and cold arguing there was a meeting of the minds that the Joint Notice of Privacy Practices is part of the express and implied contracts between the parties, but the patients didn't know anything about the privacy practices stated in the Notice.

**D.  Plaintiff Fails to Allege Facts to Plausibly Demonstrate Medical Information About Him Was Actually Viewed by An Unauthorized Person**

Plaintiff alleges "Plaintiff's … Private Health Information was viewed" by Rady Foundation, Blackbaud and "unauthorized hackers."  FAC ¶ 107. As discussed above, CMIA protects "medical information," not all Private Health Information. Rady Foundation and Blackbaud were authorized to view the information provided. Plaintiff alleges no facts plausibly demonstrating the ransomware attack on Blackbaud involved attackers actually viewing medical information about him.

**2.  THE NEGLIGENCE PER SE CLAIM SHOULD BE DISMISSED**

The Opposition admits "a viable negligence per se theory" requires "(1) the defendant violated a statute or regulation; (2) the violation caused the plaintiff's injury…." Opp. 11:9-14. As discussed above, Plaintiff is unable to plead facts to demonstrate a violation of the CMIA (or any other statute or regulation). This by itself requires dismissal of the Negligence Per Se Claim. An independent basis for dismissal is that Plaintiff concedes a viable negligence claim requires **"proximate cause resulting in injury**." Opp.10:27-28 (emphasis added). Plaintiff is hoisted on his own petard. He alleges no facts to demonstrate actual injury. He alleges "risk of harm from fraud and identity theft." FAC ¶ 74. His alleged "risk of harm" is not cognizable injury as required for a viable negligence claim. Plaintiff, a "minor under the age of 14" (FAC ¶ 71), does not allege facts to show actual or even attempted fraud or identity theft. The nature of the limited information at issue raises no real risk of it. See, *Antman v Uber Techs. Inc.*, 2018 U.S.Dist. LEXIS 79371 (N.D. Cal. May 10, 2018) [no social security number involved].

## 3. THE CRA CLAIM SHOULD BE DISMISSED

The Opposition argues Civ. Code § 1798.2(a) "is triggered when the security system where a business housed the computerized data it owns or licenses is breached." Opp. 13:22-23. As admitted in Plaintiff's original Complaint, it was data owned by Blackbaud (not Rady Hospital or Rady Foundation) that was "the victim of a ransomware attack and data breach … exposing the private information and even private health information its clients' students, patients and donors." Complaint, Dkt. 1, ¶ 3. Blackbaud's "IT experts expelled the hackers from the system, but only after the hackers were able to remove a copy of a subset of <u>Blackbaud's data</u>." *Id.* ¶ 4. While Blackbaud's data included information pertaining to members of Rady's community, the data was owned by Blackbaud. This did not trigger any duty on the part of the Rady Defendants under Civil Code § 1798.2(a). That Rady sent notice to patients does not mean that Civil Code § 1798.2 required the Rady Defendants to send notice.

Plaintiff also fails to allege facts to demonstrate unreasonable delay. Blackbaud's notice in May 2020 of an attack on its systems did not communicate to either Rady Defendant what information, if any, about Rady Hospital patients was involved. Rady "immediately launched an investigation to determine what happened and whether any personal information was impacted" FAC, Ex. 2 (Dkt. 13-2, p. 2). "On Oct. 7, 2020, [Rady] determined that personal information for members of our community was contained in" Blackbaud's backup files. FAC, Ex. 1, Dkt. 13-1. Rady gave notice 22 days later on October 29, 2020. FAC ¶ 26 and Ex. 1. The FAC alleges no facts to demonstrate unreasonable delay.

The Opposition ignores that only "'incremental harm suffered as a result of the alleged delay in notification,' as opposed to harm from the Data Breaches themselves" is recoverable. *In re Yahoo! Inc. Cust. Data Sec. Breach Litig.*, 2017 U.S. Dist. LEXIS 140212, *14546. Plaintiff alleges no such harm. Where Plaintiffs fail to allege injury arising from a Defendant's "delayed notification," courts have dismissed § 1798.82 claims. See, e.g., *Dugas v Starwood Hotels & Resorts Worldwide, Inc.*, 2016 U.S. Dist. LEXIS 152838, 2016 WL 6523428, at *7 (dismissing § 1798.82 claim because Plaintiff did not allege "what, if any, concrete harm resulted from Defendants' alleged failure to promptly notify [its] customers of the data breach"); *In re Sony Gaming Networks*, 996 F.Supp.2d 942, 1010 (dismissing § 1798.82 claim where plaintiffs "failed to allege how" a ten-day delay in notification caused plaintiffs' injuries).

### A. The CRA Claim Does Not Satisfy Rule 9(b)

Fraud requires that the plaintiff "was exposed to the particular representation claimed to be deceptive." *In re Sony II*, 996 F.Supp.2d 942, at 989 (S.D. Cal. 2014). FRCP 9(b) "requires the plaintiff to identify the time, place, and content of the alleged fraudulent misrepresentation; the identity of the person engaged in the fraud; and the circumstances indicating falseness…" *Id*. Plaintiff's allegations do not satisfy these requirements. Additionally, the Joint Notice of Privacy Practices

expressly disclosed, "We may use and share certain information about to contact you about our fundraising activities." FAC ¶ 47 and Ex.3, Fundraising. There is no fraud here.

### 4. THE CONSTITUTIONAL INVASION OF PRIVACY CLAIM FAILS

Whether a legally recognized privacy interest is present in a given case is a question of law to be decided by the court. *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal.4th1, 40 (1994). A constitutional invasion of privacy claim can be adjudicated as a matter of law if there is no reasonable expectation of privacy or these is an unsubstantial impact on privacy interests. *Id.*

The Opposition cites *Colleen M. v. Fertility & Surgical Assocs. of Thousand Oaks*, 132 Cal.App.4th 1466, 1477 (2005), for the proposition that the Court *cannot* determine a reasonable expectation of privacy exists where the authorization for the medical information did not comport with the requirements of § 56.11. This cite is incomplete in its argument and evades responding to Plaintiff's lack of any legally protected privacy interest. The information Plaintiff complains about is not protected "medical information" under Civ. Code § 56.05(j), and it does not identify the *nature* of the treatment. Plaintiff also relies on the lack of a specific inquiry to trigger Civ. Code § 56.16, casting it wholly inapplicable. A lack of a specific inquiry does not strip Civ. Code § 56.16 of its significance to this case.

In *Collen M.*, the Plaintiff complained when the *nature* of her treatment, in vitro fertilization, and not just her patient status at a fertility and surgical clinic was revealed. *Collen M.*, 132 Cal. App. 4th at 1472. The information that she had received in vitro fertilization was clearly 'medical information' …" as defined in CMIA. *Id.* at 1475. The Court discussed Civ. Code § 56.16 disclosure provision and its significance in holding that a fertility clinic's disclosure that a patient had undergone in vitro fertilization "was not 'a general description of the reason for treatment" but a specific description of the treatment itself." *Id.* at 1477 ("[W]e cannot say as a matter of law the fact a patient has undergone in vitro fertilization is

'the type of innocuous information that medical providers can, and often do, reveal to casual inquirers.").

Here, Plaintiff only argues that one can speculate what treatment was provided; but, this is inadequate. Because Plaintiff is not able to allege that the nature of his treatment was involved, he fails to state a legally protected privacy interest and the constitutional privacy claim fails.

## 5. PLAINTIFF DID NOT PLEAD INTRUSION INTO PRIVATE AFFAIRS OR PUBLIC DISCLOSURE OF PRIVATE FACTS

Plaintiff has neither pled an adverse effect required for intrusion into private matters nor are any facts averred in the Opposition. See *Miller v National Broad. Co.*, 187 Cal.App.3d 1463 (1986). Plaintiff's argument that he is at an "increased risk of harm" is not the same as having suffered harm. Plaintiff argues he must "take the time and effort to mitigate" such risk but does not state what efforts or time he has actually undertaken, only concluding that the "risk is even more concerning" due to his status as a minor. His conclusory assertions are insufficient.

Plaintiff still has not pled or argued *public* disclosure of private facts, just that the (non-medical) information was disclosed to Rady Foundation and/or Blackbaud. FAC ¶139. Blackbaud was then hacked by unauthorized third-parties. *Id.* Plaintiff relies on the authorizations required by Civ. Code § 56.11 for medical information, a red herring to distract from the pled concession that this non-medical information has not in fact been publicly disclosed. FAC ¶139 ("it is reasonably likely that such information will become known to the public…"). This is insufficient to support a public disclosure of any private fact. *See Catsouras v Department of Cal. Highway Patrol*, 181 Cal. App. 4th 856, 874 (2010).

## 6. AN INJUNCTION WILL NOT STOP ANOTHER BLACKBAUD LEAK

Neither Rady Hospital nor Rady Foundation is charged with a breach of its' systems by hackers in the FAC. An order requiring either Rady Defendant to enhance its own cybersecurity (or an equivalent declaratory judgment) will not

provide any relief for past injuries or injuries incurred in the future because of the Blackbaud Data Breach that has already occurred. The information of which Plaintiff complains is not medical information as defined by CMIA, there is no violation of the CRA, and the information at issue was already involved in the Blackbaud Data Breach as pled. There is no basis to conclude a change in Rady Defendants' data systems is warranted. There is no realistic threat of repetition that an injunction would provide relief for as no Order of the Court could prevent Blackbaud from being hacked again.

## 7. THE BREACH OF CONTRACT, IMPLIED CONTRACT AND BREACH OF COVENANT OF GOOD FAITH CLAIMS SHOULD BE DISMISSED

"In an action for breach of a written contract, a plaintiff must allege the specific provisions in the contract creating the obligation the defendant is said to have breached." *Young v. Facebook, Inc.*, 790 F.Supp.2d 1110, 1117 (N.D. Cal. 2011); *Miron v. Herbalife Int'l, Inc.*, 11 Fed.Appx. 927, 929 (9th Cir. 2001) ("The district court's dismissal of the Mirons' breach of contract claims was proper because the Mirons failed to allege any provision of the contract which supports their claim.")  Plaintiff alleges Rady Hospital's contracts "incorporated Rady's Hospital privacy policies …." FAC ¶ 158. That does not support breach as the Joint Notice of Privacy Practice authorizes Rady to "share certain information about you to contact you about our fundraising." FAC ¶ 47 and Ex. 3. Plaintiffs fail to allege specific provisions in the contract Defendants are alleged to have breached. Moreover, the specific provisions alleged demonstrate no breach of contract.

## 8. THE UCL CLAIM SHOULD BE DISMISSED

### A. **Plaintiff Fails To Demonstrate Standing To Bring A UCL Claim**

To establish standing for a UCL claim, Plaintiff must show he personally lost money or property "as a result of the unfair competition." Bus. & Prof. Code § 17204; *Kwikset Corp. v. Sup. Ct.*, 51 Cal. 4th 310, 330 (2011). Plaintiff fails this test. Plaintiff's theory that he is at risk of future costs is not sufficient to allege "lost

money or property" under the UCL. *Ehret v. Uber Tech., Inc.*, 68 F.Supp.3d 1121, 1132 (N.D. Cal. Sept. 17, 2014) ("… a UCL plaintiff's 'injury in fact' [must] specifically involve lost money or property.").

### B. The UCL Claims Are Without Merit

Plaintiff attempts to allege unlawful, unfair, and fraudulent business acts or practices in violation of the UCL. FAC ¶¶ 174–176. All three are insufficiently pled and lack factual support. First, Plaintiffs allegations regarding CMIA and CRA fail to state viable claims. Thus, the unlawful prong is without merit.

Plaintiff argues the alleged "sharing of minors' PHI is certainly violative of public policy," and satisfies the unfair prong of the UCL. However, no medical information was "shared" to violate any specified public policy. This fails.

Plaintiff does not provide facts sufficient to support an allegation of fraudulent conduct, be it under a misrepresentation or omission theory, as Plaintiff's willful ignorance of the Notice of Privacy Provisions (Plaintiff fails to plead he even read them) does not create an omission or misrepresentation by Rady of its use of Plaintiff's non-medical information in the exact way discussed and stated therein. The UCL claim for fraud is subject to Rule 9(b) and requires much more, specifically, "the who, what, when, where, and how" with particularity. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009). Plaintiff has not done so.

## 9. LEAVE TO AMEND IS NOT WARRANTED

Plaintiff amended his Complaint in response to Rady Hospital's first motion to dismiss. He took his best shot, yet the FAC is deficient again. While the Opposition asks for leave to amend, conspicuously absent is any statement of new or different facts that could be alleged. The Rady Defendants would be prejudiced by incurring the expense of a third motion to dismiss.

### C. CONCLUSION

Defendants respectfully submit that the Court should dismiss all claims with prejudice and without leave to amend.

DATE: May 28, 2021

JON P. KARDASSAKIS
WHITNEY J. BETTS
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
JON P. KARDASSAKIS
Attorneys for Defendants RADY CHILDREN'S HOSPITAL - SAN DIEGO and RADY CHILDREN'S HOSPITAL FOUNDATION-SAN DIEGO

4838-3333-7835.1

12

Case No. 21-CV-0114-WQH-AHG

RADY CHILDREN'S HOSPITAL – SAN DIEGO AND RADY CHILDREN'S HOSPITAL FOUNDATION – SAN DIEGO'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FAC

# FEDERAL COURT PROOF OF SERVICE
John Doe, et, al v Rady Children's Hospital - San Diego
Case No. 3:21-cv-00114-WQH-AHG

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 550 West C Street, Suite 1700, San Diego, CA 92101. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On May 28, 2021, I served the following document(s):

**DEFENDANTS RADY CHILDREN'S HOSPITAL – SAN DIEGO AND RADY CHILDREN'S HOSPITAL FOUNDATION – SAN DIEGO'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on May 28, 2021, at San Diego, California.

*Jamie McGraw* (signature)

Jamie McGraw

---

4838-3333-7835.1     1     Case No. 21-CV-0114-WQH-AHG
RADY CHILDREN'S HOSPITAL – SAN DIEGO AND RADY CHILDREN'S HOSPITAL FOUNDATION – SAN DIEGO'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FAC

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

**SERVICE LIST**
**John Doe, et, al v Rady Children's Hospital - San Diego**
**Case No. 3:21-cv-00114-WQH-AHG**

Ronald Marron   SB # 175650
Alexis Wood     SB # 270200
Kas Gallucci    SB # 288709
LAW OFFICES OF RONALD MARRON
651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006
Facsimile:  (619) 564-6665
ron@consumeradvocates.com
alexis@consumeradvocates.com
kas@consumeradvocates.com

***Attorneys for Plaintiff and the Proposed Class***