UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, a minor, by and through Guardian ad Litem, LATASHA POPE, individually and on behalf of all others similarly situated and the general public,<br><br>Plaintiff,<br><br>v.<br><br>RADY CHILDREN'S HOSPITAL-SAN DIEGO, a California Corporation; and RADY CHILDREN'S HOSPITAL FOUNDATION-SAN DIEGO,<br><br>Defendants. | Case No.: 3:21-cv-00114-WQH-AHG<br><br>**ORDER** |

HAYES, Judge:

    On January 20, 2021, Plaintiff initiated this action by filing a Class Action Complaint against Defendant Rady Children's Hospital-San Diego ("Hospital"). (ECF No. 1). On March 2, 2021, the Court granted Plaintiff's Motion to Appoint Guardian ad Litem. (ECF No. 11).

    On March 26, 2021, Plaintiff filed an Amended Class Action Complaint, which is the operative pleading in this case, against Defendants Hospital and Rady Children's Hospital Foundation-San Diego ("Foundation"). (ECF No. 13). Plaintiff alleges that his "Private Health Information that Defendants collected and maintained has been placed in

the hands of criminal hackers." *Id*. at 3.  Plaintiff brings the following 8 causes of action: (1) negligence per se against Defendants Hospital and Foundation, (2) violations of California's Confidentiality of Medical Information Act ("CMIA") against Defendants Hospital and Foundation, (3) violation of California's Consumer Records Act ("CRA") against Defendants Hospital and Foundation, (4) invasion of privacy and violation of the California Constitution (Art. 1 § 1) against Defendants Hospital and Foundation, (5) breach of implied contract against Defendant Hospital, (6) breach of contract against Defendant Hospital, (7) breach of the implied covenant of good faith and fair dealing against Defendant Hospital, and (8) violation of the Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, et seq.) against Defendants Hospital and Foundation.  *See id*. at 24-38. Plaintiff seeks "[a]n [o]rder declaring this action to be a proper class action, appointing Plaintiff as class representatives, and appointing his undersigned counsel as class counsel"; "[a]n [o]rder awarding Plaintiff and Class Members appropriate monetary relief, including actual damages, punitive damages, treble damages, statutory damages, exemplary damages, equitable relief, restitution and disgorgement;" "injunctive relief as is necessary to protect the interests of Plaintiff and the Classes;" "attorneys' fees and costs, as allowed by law;" and "[a]ny other or further relief as may be appropriate under the circumstances." *Id*. at 38-39.  Plaintiff alleges that the Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA").  *See id*. at 4.  On April 13, 2021, the Court denied as moot Defendant Hospital's Motion to Dismiss.  (ECF No. 17).

On May 3, 2021, Defendants filed a Motion to Dismiss Plaintiff's Amended Class Action Complaint in its entirety for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 23).  On May 24, 2021, Plaintiff filed a Response in opposition.  (ECF No. 25).  On May 28, 2021, Defendants filed a Reply.  (ECF No. 26).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1).  The court is obligated to *sua sponte* inquire into its subject matter jurisdiction whenever its jurisdiction is in doubt.  *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*,

429 U.S. 274, 278 (1977), *superseded by statute on other grounds as stated in Rivera v. United States*, 924 F.2d 948, 954 n.7 (9th Cir. 1991). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

"[D]istrict courts [ ] have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "CAFA gives federal courts jurisdiction over certain class actions, defined in § 1332(d)(1), if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84-85 (2014) (citing 28 U.S.C. § 1332(d)(2), (5)(B)).

In the Amended Class Action Complaint, Plaintiff alleges that "[t]his Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because at least one member of the Classes, as defined below is a citizen of a different state than Defendants, there are more than 100 members of the Classes, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs." (ECF No. 13 at 4). Plaintiff alleges that the "nationwide Classes and California Sub-Classes" are defined as follows:

> **National Class Against Rady's Hospital:** All persons in the United States whose Private Health Information was disclosed to Rady's Foundation by Rady's Hospital from four years prior to the filing of Plaintiff's Complaint.
>
> **California Sub-Class Against Rady's Hospital:** All persons in California whose Private Health Information was disclosed to Rady's Foundation by Rady's Hospital from four years prior to the filing of Plaintiff's Complaint.
>
> **National Data Breach Class Against Defendants:** All persons in the United States whose Private Health Information was disclosed by Rady's Hospital

3

3:21-cv-00114-WQH-AHG

>directly to Blackbaud or to Blackbaud by a disclosure first from Rady's Hospital to Rady's Foundation, and was thereafter compromised as a result of the Data Breach announced by Defendants on or around October 28, 2020.
>
>**California Data Breach Sub-Class Against Defendants:** All persons in California whose Private Health Information was disclosed by Rady's Hospital directly to Blackbaud or to Blackbaud by a disclosure first from Rady's Hospital to Rady's Foundation, and was thereafter compromised as a result of the Data Breach announced by Defendants on or around October 28, 2020.

*Id*. at 20.  Plaintiff alleges that "[t]he members in the proposed Data Breach Classes are approximately 19,788 individuals." *Id*. at 21.  Plaintiff alleges that "[p]ursuant to Cal. Civ. Code §§ 56.35 and 56.36, Plaintiff and each member of the Classes seek relief including actual damages, nominal statutory damages of $1,000, punitive damages of $3,000, injunctive relief, and attorney fees, expenses and costs." *Id*. at 27.

Plaintiff's conclusory allegation that the amount in controversy exceeds $5,000,000 is insufficient, without supporting factual allegations, to establish that the amount in controversy requirement under CAFA has been met.  *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (the plaintiff, as the proponent of jurisdiction, "has the burden to put forth evidence showing that the amount in controversy exceeds $5 million, to satisfy other requirements of CAFA, and to persuade the court that the estimate of damages in controversy is a reasonable one"); *see also Petkevicius v. NBTY, Inc.,* No. 3:14-cv-02616-CAB-(RBB), 2017 WL 1113295, at *4 (S.D. Cal. Mar. 24, 2017) ("[S]imply stating that the amount in controversy exceeds $5,000,000, without any specific factual allegations as to the actual amount sought by the plaintiffs does not constitute a good faith allegation of the amount in controversy any more than an allegations that 'the parties are diverse' would be sufficient to establish the requisite diversity absent specific factual allegations of the citizenship of the parties.").

Plaintiff is hereby ORDERED TO SHOW CAUSE why this case should not be dismissed for lack of subject matter jurisdiction.  Plaintiff shall file a written response to

this Order within thirty fourteen (14) of the date of this Order. Defendants may file any additional materials within fourteen (14) days of the date of Plaintiff's filing.

Defendants' Motion to Dismiss Plaintiff's Amended Class Action Complaint in its entirety for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) remains pending. (ECF No. 23).

Dated: July 19, 2021

Hon. William Q. Hayes
United States District Court